IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RONALD DAVID JONES,

    Plaintiff,

VS.                              Case No. 4:16cv109-RH/CAS

GRAND CANYON UNIVERSITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, and a motion seeking leave to proceed with in forma pauperis status, ECF No. 2. In a separate Order entered this day, Plaintiff's in forma pauperis motion has been granted.

Plaintiff's complaint asserts a claim for racial discrimination against the Grand Canyon University. Plaintiff resides within the Northern District of Florida, but Defendant is located in Phoenix, Arizona. ECF No. 1 at 1.

A civil action may be brought in (1) a judicial district in which the Defendant resides or (2) judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b).

It appears that the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 82 is in the United States District Court, District of Arizona, Phoenix Division as Defendant is located there and it is assumed that Defendant's actions took place there.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue sua sponte, but limited the court's ability to dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.") The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). See Lipofsky, 861 F.2d at 1259, n.2. Thus, it is recommended that the case be transferred rather than dismissed.

Case No. 4:16cv109-RH/CAS

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court, District of Arizona, Phoenix Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 29, 2016.

 s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**