# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**RONALD DAVID JONES,**

    **Plaintiff,**

**VS.**                                                  **Case No. 4:16cv109-RH/CAS**

**GRAND CANYON UNIVERSITY,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Pending in this case is a motion to transfer venue, ECF No. 18, and a motion to dismiss, ECF No. 19, filed by Defendant Grand Canyon University.  The pro se Plaintiff filed "objections" to both motions prior to entry of an Order advising him of his obligation to respond.  As a courtesy, Plaintiff was given additional time in which to file an amended response to one or both motions, or to advise the Court that he would stand on his opposition as filed.  ECF No. 33.  Plaintiff chose to proceed with his filed opposition, ECF No. 34, and the motions are ready for a ruling.

**Allegations of the Complaint**

Plaintiff's second amended civil rights complaint, ECF No. 10, was brought against ten Defendants. Only Grand Canyon University has been served.

Plaintiff alleged that he was subject to discrimination on the basis of race, and claimed that his grades were improperly changed and that the University has "tried to force" him to obtain a second master's degree to obtain additional money. ECF No. 10 at 3. Plaintiff alleged that he was subjected to a "bait and switch," not given proper training which caused him to lose $1,000.00 per semester, and he was given lower grades than white students. *Id.* at 4-6, 9-10. Plaintiff alleged that he was improperly dropped from a class, dropped from the University, not given credit for his internship, given "a bad grade" in the internship to force Plaintiff to work on a second degree, and enrolled in a second degree program without his authorization. *Id.* at 6-8. Plaintiff alleged that numerous rights were violated, and he seeks monetary damages and an award of a master's degree. *Id.* at 12-15.

**Argument of the Motion to Transfer**

The University contends that venue is not proper in the Northern District of Florida and seek transfer to the District of Arizona "where the University's campus is located, and where the alleged acts of discrimination took place." ECF No. 18 at 2. Defendants point out that none of the Defendants reside in Florida and any acts allegedly committed by the other individual Defendants "would have occurred in or through Arizona." *Id.* at 2-3.

The general venue statute provides that a civil action may be brought in (1) a judicial district in which the Defendant resides, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Because none of the Defendants reside or are otherwise located in the State of Florida, and because the "University has no campus or facilities in the Northern District of Florida," venue is only appropriate in this Court if "a substantial part of the events or omissions" occurred in Florida.

The University contends that none of the actions Plaintiff alleges were committed by the Defendants took place in Florida. ECF No. 18 at 4. Allegations that Defendants were changing his grades, adding additional classes, dropping him out of courses, giving him lower grades, not providing sufficient training, and discriminating against him all took place in Arizona, not in Florida. Plaintiff worked on his internship in Florida and did his course work online, but the only events alleged to have been committed by the University and other Defendants necessarily "would have taken place in Arizona." ECF No. 18 at 4-5. Accordingly, the University argues that "the events or omissions giving rise to the claim occurred in Arizona, and there is no basis for venue in this District under 28 U.S.C. § 1391(b)(2)." *Id.* at 5.

**Plaintiff's opposition**

Plaintiff contends that transferring this case would place him at a disadvantage. ECF No. 22 at 1. Plaintiff does not dispute that the Defendants' actions which he challenges in this case took place in Arizona. *Id.* Plaintiff has not shown that venue is appropriate in the Northern District of Florida.

**Analysis**

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." This case certainly could have been brought in Arizona as the events alleged occurred in Arizona. Moreover, in considering the convenience of the parties, potential witnesses, and location of relevant documents, it would be more beneficial to proceed in Arizona. *See* 28 U.S.C. § 1404(a).[1] All ten Defendants are in Arizona, and the ability to locate unserved individual Defendants may be enhanced by transfer to that region. While Plaintiff's records are presumably located in Florida, all other documents relevant to this case will be located in Arizona.

The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 82 is in the United States District Court, District of Arizona, Phoenix Division. This case should be transferred to that Court for all further proceedings, including ruling on the pending motion to dismiss, ECF No. 19.

---

[1] The statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Case No. 4:16cv109-RH/CAS

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court, District of Arizona, Phoenix Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 22, 2016.

 s/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**